9980

STATE v. SANDERS *ET AL.*

(96 S. E. 622.)

1. LARCENY—ELEMENTS OF OFFENSE.—Where accused had contract with owner of land to make a crop on shares, the whole crop belonged to the owner until a settlement was made, and taking and disposing of the property by accused was larceny.

2. LANDLORD AND TENANT—SHARE CROPPERS—CONSTRUCTION.—Contract by which accused agreed to prepare, plant, cultivate, and gather cotton, as directed by the other party, and to accept "for my part of the crop" certain cotton, corn, and peas, made the parties share croppers, and not partners, nor master and servant.

Before GARY, J., Lee, Fall term, 1917. Affirmed.

Charlie Sanders and Harrison Sanders were convicted for grand larceny, and Alec Holmes was convicted for receiving stolen property, and defendants appeal.

The contract mentioned in the case is as follows:

"This agreement, entered into between Thomas Wilson of one part and Charley Sanders, both of the county and State aforesaid, witnesseth, That I, Charley Sanders, on my part agree to prepare, plant, cultivate and gather the crop of cotton on a farm on Rose Hill plantation, to haul and serf the same, to put out the manures used and to gather the crop as fast as it opens so that there shall be no waste on the same, and to deliver the cotton to the Rose Hill ginhouse daily, if required to do so.

"I further agree to keep the land or crop well stirred and cleaned of grass and weeds, so as to secure the best crop that can be made on the land. If I should fail to do so Thomas Wilson may hire in hands to clean out the same—the same applies to the gathering as well as the making—the whole to be worked as said Thomas Wilson, or his agent, may direct, and the amount paid for same shall be deducted from my part of the crop at final settlement.

"I further agree to work in every way to promote interest. I further agree to take care of all his stock, tools and other implements intrusted to my care.

"I further agree to plant and cultivate and gather the same as the cotton. I further agree to receive for my part of the crop, one-half of the lint cotton and one-half of the corn, fodder and peas. To board myself and family free from any expenses to the said Thomas Wilson. The said Thomas Wilson shall keep an account of all goods, wares and merchandise that I may get and deduct the amount of same from my portion of the crop before any of the crop is moved. I agree not to give any one a lien upon any portion of my one-half of the lint cotton, corn, fodder or peas.

"I also agree not to drink intoxicating liquors, or to use profane language, before the said Thomas Wilson or his

agents.   Not to have any idleness or loafing in or around my premises or land.   Thomas Wilson agrees to furnish manures to make the crop, and to turn over to the said Charley Sanders the balance of the one-half of lint cotton, corn, fodder and peas, after deducting the amount of his account and all amounts he is responsible for.

"This contract is for the year 1916.   Witness our hands this, the 3d day of April, 1916."

*Messrs. B. Frank Kelley* and *Thos. H. Tatum,* for appellants.   *Mr. Tatum* submits: *That the possession of the property having been legally obtained, an indictment for larceny will not lie:* 88 S. C. 315; 25 Cyc. 22; 12 A. & E. Enc. Laws 770; 25 Cyc. 26-29.   *A copartner cannot be convicted of larceny after breach of trust committed with reference to partnership property:* 100 S. C. 241.   *The contract in this case was one of partnership and did not create the relation of master and servant:* 75 S. C. 108; 145 U. S. 617; 68 S. C. 198; 72 S. C. 427.   *The contract in the case at bar is different from those held to create the relation of master and servant, in the following cases:* 52 S. C. 580; 6 S. C. 297; 15 S. C. 82; 18 S. C. 510; 15 S. C. 548.   *An allegation that the property stolen was the property of Colonel Wilson, and the proof showing that it was the property of Col. Wilson and Charley Sanders, the variance is fatal:* 10 Rich. 169; 3 S. C. 230.

*Mr. Solicitor, F. A. McLeod,* and *Messrs. McLeod & Dennis,* for the State, respondent, submit: *That there was a felonious taking:* Cyc., vol. XXV, p. 29.   *The contract in this case created the relation of master and servant, and did not constitute a partnership:* 15 S. C. 548; 75 S. C. 109; 15 S. C. 82; 52 S. C. 580.

June 22, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

Defendants, Charley Sanders and Harrison Sanders, were indicted for grand larceny and Alec Holmes for receiving stolen property in the same indictment. The case was tried at the September term of Court, 1917, for Lee county, before Judge Gary, and a jury, and resulted in the conviction of all the defendants. After sentence defendants appeal, and by four exceptions seek reversal.

At the hearing in this Court exception 1 was abandoned. The second exception raised the question that there was no felonious taking. The third exception raised the question whether the contract involved in the case was one of partnership or established the relationship of master and servant. The fourth exception complains of error on the part°of his Honor in not directing a verdict in favor of defendants on the ground of fatal variance between the allegation in the indictment and the proof. The fifth exception complains of error in charging the jury that the contract introduced in evidence did not create a partnership between Col. Wilson and Charley Sanders, but made them share croppers, and that if the share croppers who took and carried away any part of the crop with a view of stealing it would be guilty of larceny, whereas, he should have charged that the contract was one of partnership, and that the defendant, Sanders, could not be guilty of larceny for disposing of the crop. The exceptions must be overruled.

The contract introduced in evidence made Wilson and Sanders, not partners, but share croppers, and the whole crop belonged to Wilson until he settled with Sanders. There is nothing in the contract that made the parties 1, 2 agents of each other to do anything in reference to the business under their contract, and the evidence shows beyond doubt that the possession and custody of all the crops grown was in Wilson, and Wilson allowed it to be stored temporarily with the defendant, and defendant, Sanders, had no right, title or interest in the same until Wilson made settlement with him, and that the taking by him

of the property and disposing of it was without authority in law, and his Honor committed none of the errors as complained of by the exceptions.

Judgment affirmed.